FIDELITY-PHILADELPHIA TRUST COMPANY, a corporation of the Commonwealth of Pennsylvania, Executor under the Will of William Franklin Linn, deceased,
Plaintiff,

*vs.*

WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Trustee of Grace Drew Linn, a mentally ill person, and Wachovia Bank and Trust Company, a corporation of the State of North Carolina, Guardian of Margaret Linn Pritchard, an incompetent,
Defendants.

*New Castle, February 15, 1960.*

*Samuel Handloff,* Wilmington, for plaintiff.

*Caleb S. Layton,* of Richards, Layton & Finger, Wilmington, for defendant, Wilmington Trust Co., Trustee.

*Alexander L. Nichols,* of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant, Wachovia Bank and Trust Co., Guardian.

SEITZ, Chancellor: This is a complaint by the executor of the estate of William Franklin Linn ("testator") seeking instructions as to the meaning of a part of Item 2 of the testator's will, dated July 2, 1948.

The Wilmington Trust Company is trustee for the widow, Grace Drew Linn, a mentally ill person ("Trustee"). Wachovia Bank and Trust Company, a North Carolina corporation, is guardian for the niece, Margaret Linn Pritchard, an incompetent ("Guardian").

The executor sought instructions because it was uncertain whether the testator intended to give the widow an election to take, in lieu of the provision of the will, what would have been her share had he died intestate.

Item 2 provides as follows:

"I hereby direct that all of the rest of my property real, personal and mixed be held in trust by the Executor hereof to manage same, invest and reinvest it to yield the most income from prudent investments and, to pay from the net income thereof, two thirds of said net income to my beloved wife, Grace Drew Linn, during her natural life and the other one third of said net income to my dear niece, Mrs. Margaret Pritchard nee Margaret Huston Linn of Asheville, North Carolina, and upon the death of my said wife to transfer and deliver all of said estate unto said niece her heirs and assigns ending the trust. In the event, however, that my said wife should elect to take her interest in my estate and not under this will then the Executor hereof, after apportioning and conveying and delivering said dower interest or share, shall transfer, convey and deliver the remainder of said estate unto my said niece forthwith."

The case was submitted on stipulated facts. The testator married Grace Drew Linn in Maryland on December 6, 1940. At the time he was 74 and she was about 46 years of age. Neither had been previously married. No issue was born of the marriage. In May 1942, the testator and his wife acquired as tenants by the entireties, a property in Newark, Delaware, where they lived until the testator's death.

The testator apparently wrote his own will. It was executed in the office of the executor in Philadelphia, Pennsylvania. At the time the testator was 82 years of age and had been married almost eight years. The parties have been unable to ascertain that he owned any real estate individually either at the date of his marriage or at the time he made his will.

The testator died November 14, 1958, a resident of Delaware. He was survived by his wife and his niece Margaret Linn Pritchard, the daughter of his deceased brother. She was his nearest living next of kin.

The testator's estate amounted to about $382,000. He left no separately owned real estate. On November 20, 1958, the Wilmington Trust Company was appointed Trustee for the widow. The Wachovia Bank had been appointed Guardian for the niece on July 1, 1953. Apparently the testator had not been "in touch" with the niece for many years before his death, although there was no friction so far as appears.

The widow has an estate of approximately $48,000 (inheritance from mother) plus the entireties real estate.

The widow is now 66 years of age. Presumably she requires constant substantial care. If she takes under the trust provisions of the will her share of the net income will be about $6,440 a year. Her annual expenses are reasonably anticipated to be between $2,000 and $3,000 per year.

The Trustee for the widow claims that the testator intended (by implication) that Pennsylvania law should govern the construction of his will. The Guardian for the niece contends that the facts do not warrant the conclusion that the testator intended Pennsylvania law to apply. It says further that the application of Pennsylvania law to the determination of the widow's right under the present facts would defeat the testator's intent unnecessarily.

Preliminarily, it appears that the executor sought instructions because of a doubt as to whether the will conferred an election upon the wife to take under the trust provisions or to take an intestate share or whether he intended to limit her to her dower in any of his real estate. The executor apparently assumed that the problem was one under Delaware law. The contending parties do not appear to have approached the problem in the manner identified by the executor. Thus, the Trustee contends that the testator intended Pennsylvania law to apply to the construction of the will. It is then argued that under such law the widow may elect to take against the will and would here be entitled to one-half the testator's personal estate. Finally it is said that this court should order the Trustee to take against the will because that would be more beneficial to her trust estate.

As I read the complaint the executor was concerned as to whether the language of the will itself gave the widow an election. The Trustee has apparently assumed that no such election was provided and that the election problem relates to the election to take against the will.

I feel that the executor is entitled to instructions on the point raised. It is my conclusion that the language of Item 2 does not itself provide the widow with an election to take either under the provisions of the trust or what would have been her share of his estate, had he died intestate. The will states that, "In the event * * * that my said wife should elect to take her interest in my estate and not under this will * * *". Thus, the testator explicitly stated that this election, whatever it was, was not under his will. The widow therefore has no election under the item of the will to take what would have been her intestate share had her husband died intestate. See *In re Harris' Estate,* 351 *Pa.* 368, 41 *A.2d* 715.

I assume that the real parties in interest are entitled to raise issues not visualized by the executor in its complaint. Consequently, I next consider the Trustee's contention that the circumstances show that the testator intended Pennsylvania law to govern, and that the

courts will give effect to such an intent where personalty is involved, citing 4 *Page on Wills* (Lifetime ed.), § 1639.

I have some doubt that the cited principle of law has application in a situation where, as here, there is no question as to the validity or meaning of the provisions of the will. I say this because the Trustee for the widow seeks to claim against the will under Pennsylvania law. Nevertheless, I shall assume, as the Trustee contends, that the testator intended the widow's election to be governed by Pennsylvania law. I further assume that the Trustee agrees that the controlling Pennsylvania law includes the principles applicable to a case where the court is asked to make an election for a trustee for an incompetent person.

It is clear under Pennsylvania law that the court must make the election for the trustee. Even if this court were free to decide such an issue apart from Pennsylvania law, I take it the parties agree that it is for the court and not the trustee to decide.

The Pennsylvania cases in this field go far in upholding the testator's intent. They emphasize that the court should make an election, if possible, which will not run counter to the testamentary scheme. The courts do not consider the interests of a widow's creditors or heirs as factors important to the decision. Where there is a provision in a will for the widow the court will look to see whether it will adequately provide for her needs and if it will the court will order an election to take under the will even though an election against the will would be substantially more beneficial. Indeed, the Pennsylvania court has gone further and declined to order an election where the widow received no benefits under her husband's will. See *In re Harris,* above.

The Pennsylvania courts emphasize that it is not to be assumed that a widow, if competent, would necessarily want to alter her husband's expressed testamentary intent. Compare, e.g., *In re Harris,* above.

■ Here the widow has a testamentary provision which will more than take care of her needs for the rest of her life. This is so apart from her own assets. Thus, under the Pennsylvania cases there would be no basis for the court to order the Trustee to elect to take against the will.

I therefore instruct the Trustee, Wilmington Trust Company, to elect on behalf of the widow to take under the provisions of the testator's will.

Present order on notice.